**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Crim No. 1:22-cr-00354-RCL** |
| | : | |
| | : | |
| **RICHARD SLAUGHTER, and** | : | |
| | : | |
| **CADEN PAUL GOTTFRIED,** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES' CONSENT MOTION TO**
**CONTINUE STATUS CONFERNECE AND TO**
**EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America (the "government"), with the consent of counsel for the defendants, Richard Slaughter and Caden Paul Gottfried, hereby moves this Court for an approximately 30-day continuance of the status conference, currently set for December 7, 2022 at 10:30 a.m., until on or about January 2023.   Also with consent of counsel, the government moves to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, until the date of the next status hearing in this case.   In support of this consent motion, the undersigned states as follows:

1. The parties first convened before this Court on November 7, 2022.   Since then, the government sought, and the Court approved, a protective order in this case surrounding the production of discovery.   That discovery was produced on December 3 and comprised approximately 30 gigabytes of material specific to both defendants.

2. Counsel for the government is currently in trial in front of Judge Mehta in *U.S. v. Schwartz*, 1:21-cr-178-APM.   The parties hope to close that case on December 5.   On Thursday, December 8, government counsel begins a second trial in front of Judge

Nichols in *U.S. v. Miller*, 1:21-cr-119-CJN.   The parties are scheduled to appear for a pretrial conference in that case at 10:00 a.m. on December 7.   *See* 1:21-cr-119-CJN, ECF No. 109, at 3.

3.   Given government counsel's trial schedule, the government's recent production of discovery materials to defense counsel, and counsel for the defendant's interest in reviewing the voluminous discovery materials, including the most recent global discovery productions on the Relativity workspace, the parties seek an additional continuance of approximately 30 days or another date thereafter at the Court's convenience.   The additional time will afford the parties time to continue to produce and review discovery.

4.   Alternatively, should the Court request an earlier hearing date, government counsel would request to reschedule this hearing for no earlier than December 14, 2022.

5.   The need for reasonable time to address discovery obligations is among multiple pretrial preparation grounds that Courts of Appeals, including our Circuit, have routinely held sufficient to grant continuances and exclude time under the Speedy Trial Act – and in cases involving far less complexity in terms of the volume and nature of data, and the number of defendants entitled to discoverable materials.   *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir.

2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds of financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones") (internal quotation marks omitted); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (upholding ends-of-justice continuances totaling five months and 20 days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

WHEREFORE, the United States, with the consent of counsel for the defendant, respectfully requests that this Court grant the motion for an approximately 30-day continuance of the above-captioned proceeding, or until the next status hearing set by the Court, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), and failure to grant such a continuance would result in a miscarriage of justice.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By: _____
Stephen J. Rancourt
Texas Bar No. 24079181
Assistant United States Attorney, Detailee
601 D Street, NW
Washington, D.C. 20530
(806) 472-7398
stephen.rancourt@usdoj.gov

4