UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim No. 1:22-cr-00354-RCL |
| : | |
| RICHARD SLAUGHTER, and : | |
| CADEN PAUL GOTTFRIED, : | |
| : | |
| Defendants. : | |

GOVERNMENT'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CERTAIN COUNTS FOR MULTIPLICITY

The United States of America respectfully submits this opposition to Defendants' Motion to Dismiss Certain Counts for Multiplicity ("the Motion"), Doc. 54. In the Motion, the defendants ask the Court to dismiss Count 5 (against Slaughter, for 18 U.SC. §§ 1752(a)(1) and (b)(1), Entering or Remaining on Restricted Grounds with a Deadly or Dangerous Weapon), Count 6 (against Gottfried, for 18 U.S.C. § 1752(a)(1), Entering or Remaining on Restricted Grounds), and Count 8 (against Gottfried, for 18 U.S.C. § 1752(a)(2), Disorderly or Disruptive Conduct on Restricted Grounds) of the Indictment as multiplicitous of Count 7 (against Slaughter, for 18 U.S.C. §§ 1752(a)(2) and (b)(1), Disorderly or Disruptive Conduct on Restricted Grounds with a Deadly or Dangerous Weapon).  The Court should deny the motion because, as numerous courts in this district have already found in similar cases, the defendants' arguments are meritless. Each of the charged counts require proof of an element that the other charges do not. Accordingly, the charges are not multiplicitous.

I. Legal Framework

A defendant may be convicted of and sentenced under different statutory provisions for multiple offenses arising out of the same single act or course of conduct so long as Congress authorized the imposition of such multiple punishments. *See United States v. McLaughlin*, 164

F.3d 1, 8 (D.C. Cir. 1998) ("If the legislature intends to impose multiple punishment, imposition of such sentences does not violate Double Jeopardy."). "To determine multiplicity vel non, courts generally apply the *Blockburger* test: '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,' i.e., whether either is a lesser included offense of the other." *United States v. Mahdi*, 598 F.3d 883, 888 (D.C. Cir. 2010) (quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999), and *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). If the two offenses each require proof of a fact the other does not, then the charges are not multiplicitous. *Id.* at 890. The *Blockburger* "test focuses on the statutory elements of the offense, not on the proof offered in a given case." *United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998). Thus, it is irrelevant whether there is significant overlap in the factual proof of each count at trial, or even whether two counts "are based upon the exact same set of facts and circumstances," as long as each count's elements require proof of a fact that the others do not. *United States v. Manafort*, 313 F. Supp. 3d 311, 314 (D.D.C. 2018); *see id.* ("[T]he test for multiplicity is not whether two counts are based on the same set of facts; rather, it is whether the statutory elements of the two offenses are the same.").

      Moreover, if two offenses fail the *Blockburger* test—because one is a lesser-included offense of the other—that is not the end of the inquiry. In that scenario, the "*Blockburger* test . . . provides only a canon of construction, not a 'conclusive presumption of law,' *Mahdi*, 598 F.3d at 888 (quoting *Garrett v. United States*, 471 U.S. 773, 779 (1985)), because there "'is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and *punishing also the completed*

2

*transaction.*'" *Id.* (quoting *Garrett*, 471 U.S. at 779) (emphasis in original).

Other January 6 defendants have made similar multiplicity arguments as the defendants do here, and courts across this district have routinely, and uniformly, rejected such challenges. *See, e.g.*, *United States v. Munchel*, No. 1:21-CR-118-RCL, 2023 WL 2992689 at *4-5 (D.D.C. Apr. 18, 2023) (charges under 18 U.S.C. §§ 1512, 1752(a)(1), 1752(a)(2), and 40 U.S.C. §§ 5104(e)(2)(D), 5104(e)(2)(G) not multiplicitous); *United States v. Griffith*, No. CV 21-244-2 (CKK), 2023 WL 1778192 at *4 (D.D.C. Feb. 6, 2023) (charges under 18 U.S.C. §§ 1752(a)(1), 1752(a)(2), and 40 U.S.C. §§ 5104(e)(2)(D) and 5104(e)(2)(G) not multiplicitous); *United States v. Gray*, No. CR 21-0495 (ABJ), 2023 WL 2998862 at *15 (D.D.C. Jan. 26, 2023) (charges under 18 U.S.C. §§ 1512, 231, 1752(a)(1), 1752(a)(2), and 40 U.S.C. § 5104(e)(2)(D) not multiplicitous); *United States v. Ballenger*, No. CR 21-719 (JEB), 2022 WL 14807767 (D.D.C. Oct. 26, 2022) (charges under 18 U.S.C. §§ 1752(a)(1), 1752(a)(2), and 40 U.S.C. § 5104(e)(2)(G) not multiplicitous).

II. Argument

Here, the defendants move to dismiss "certain" counts in the indictment, specifically Counts 5, 6, and 8, as multiplicitous of Count 7, which charges defendant Slaughter with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1). *See* Def. Mot., Doc. 54 at 1.

*First*, with respect to Counts 5 and 6, §§ 1752(a)(1) and 1752(a)(2) each require elements that the other does not. To begin with, § 1752(a)(1) requires that the defendant actually entered into or remained in a restricted area, while § 1752(a)(2) requires that the defendant's disorderly or disruptive conduct only be "within such proximity to" a restricted building or grounds. *Compare* § 1752(a)(1) *with* § 1752(a)(2). More, § 1752(a)(1) requires that the defendant knew that he was

without lawful authority to be within the restricted area, while § 1752(a)(2) has no such "without lawful authority" requirement.[1] *Compare* 18 U.S.C. § 1752(a)(1) ("knowingly enters or remains in any restricted building or grounds without lawful authority to do so") *with* 18 U.S.C. § 1752(a)(2). Finally, while § 1752(a)(1) requires entering or remaining within the restricted perimeter, § 1752(a)(2) requires both that the defendant engaged in disorderly or disruptive conduct and that the defendant's conduct impeded or disrupted the orderly conduct of government business or official functions. Thus, §§ 1752(a)(1) and (a)(2) are different offenses under *Blockburger*, and their parallel inclusion in the operative indictment does not create a multiplicity problem.

*Second*, the motion does not appear to recognize the fact that Count 8 charges defendant *Gottfried* with violating § 1752(a)(2), while Count 7 charges defendant *Slaughter* with violating § 1752(a)(2). These counts charge different defendants and are therefore not multiplicitous.

In sum, each of the two defendants, Slaughter and Gottfried, are each charged with *one* count of § 1752(a)(1) and *one* count of § 1752(a)(2).[2] Subsections (a)(1) and (a)(2) of § 1752 each require at least one element that the other does not, so these charges care categorically not multiplicitous. Thus, the defendants' multiplicity arguments fail, because each of the offenses charged in the operative indictment "requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304.

---

[1] To illustrate, consider a staff member at the White House (which is restricted per § 1752(c)(1)(A)) who goes to work and engages in disorderly and disruptive conduct while at the White House. That individual could potentially be prosecuted under §§ 1752(a)(2) for their disorderly conduct, but likely could not face criminal exposure under § 1752(a)(1), unless and until their authority to remain in the White House was revoked and they were no longer authorized personnel.

[2] Slaughter's charges are also subject to the felony-enhancement of § 1752(b)(1)(A), but he is still only charged with one violation § 1752(a)(1) and one violation of § 1752(a)(2).

III.   Conclusion

For all of the foregoing reasons, the United States respectfully requests that the Court deny the Motion to Dismiss Certain Counts, Doc. 54, in all respects.

                                                Respectfully submitted,

                                                MATTHEW M. GRAVES
                                                United States Attorney
                                                D.C. Bar Number 481052

By:   */s/ Katherine E. Boyles*
       Katherine E. Boyles
       Assistant U.S. Attorney
       D. Conn. Fed. Bar No. PHV20325
       United States Attorney's Office – Detailee
       601 D Street NW
       Washington, D.C. 20001
       Phone: 203-931-5088
       Email: Katherine.Boyles@usdoj.gov

*/s/ Stephen J. Rancourt*
Stephen J. Rancourt
Texas Bar No. 24079181
Assistant United States Attorney, Detailee
601 D Street, NW
Washington, D.C. 20530
(806) 472-7398
stephen.rancourt@usdoj.gov