UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim No. 1:22-cr-00354-RCL |
| | : | |
| **RICHARD SLAUGHTER, and** | : | |
| **CADEN PAUL GOTTFRIED,** | : | |
| | : | |
| **Defendants.** | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS COUNTS 5 & 7, DOC. 53

The United States of America respectfully submits this opposition to Defendants' Motion to Dismiss Counts 5 and 7 ("the Motion"), Doc. 53. Counts 5 and 7 charge defendant Slaughter with violations of 18 U.S.C. §§ 1752(a)(1) and (b)(1) (Entering or Remaining on Restricted Grounds with a Deadly or Dangerous Weapon) and §§ 1752(a)(2) and (b)(1) (Disorderly or Disruptive Conduct within or in proximity to a Restricted Perimeter with a Deadly or Dangerous Weapon). The Motion asks the Court to dismiss these counts, because, the defendant argues, a "stick-like object" cannot be a deadly or dangerous weapon. For the reasons contained herein, the United States asks the Court to deny the Motion.

Counts 5 and 7 (as well as Count 2) arise, at least in part, from defendant Slaughter's conduct in forcefully thrusting a stick-like object into the "tunnel" on the Lower West Terrace of the Capitol, directly into the officers' faces who were assembled in the tunnel to defend the building. *See* Images 1-3, below.





*Images 1-3*

The Motion to Dismiss asks the Court to dismiss Counts 5 and 7, because the motion argues that a "stick-like object" cannot be a deadly or dangerous weapon under § 1752(b)(1)(A), as required for the felony enhancement provisions of those counts. Contrary to defendant Slaughter's arguments, the question he raises in his motion is fundamentally a factual question that must be decided by the jury at trial. Accordingly, the motion should be denied to allow this question to be

put before the jury.

   I.      Legal Standard

At the motion to dismiss stage, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Given these limited requirements, it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *accord United States v. Ring*, 628 F. Supp. 2d 195, 204 (D.D.C. 2009). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)).

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). But Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record." *United States v. Yakou*, 428 F.3d 241, 246–47 (D.C. Cir. 2005) (emphasis added); *accord United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir. 2000) ("[u]nless there is a stipulated record … a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence"); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("there is no summary judgment procedure in criminal cases."); 1A Wright & Miller, Federal Practice & Procedure, Criminal, § 195 (5th ed.)

("Rule 12 was [not] intended to permit 'speaking motions,' that is, motions challenging an indictment's sufficiency based on facts that are outside the pleadings.").

    II.    <u>Argument</u>

As used in § 1752(b)(1)(A), the phrase "deadly or dangerous weapon" means a weapon or other item that is "capable of causing serious bodily injury or death to another person and the defendant intends that it be used ... in that manner." *United States v. Robertson*, 610 F. Supp. 3d 229, 237 (D.D.C. 2022) (holding that the jury had sufficient evidence to find a "large wooden stick" was a deadly or dangerous weapon for purpose of the § 1752(b)(1)(A) felony enhancement); *accord United States v. Gieswein*, No. CR 21-24 (EGS), 2021 WL 3168148, at *13 (D.D.C. July 27, 2021), aff'd, No. 21-3052, 2021 WL 5263635 (D.C. Cir. Oct. 19, 2021) (defining a "deadly or dangerous weapon" as "any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person"); *United States v. Chansley*, 525 F. Supp. 3d 151, 161–62 (D.D.C. 2021) (noting that courts have "consistently defined 'dangerous weapon' as an object that is either inherently dangerous or is used in a way that is likely to endanger life or inflict great bodily harm" in the context of §§ 111(b) and 113) (collecting cases). "Inherently dangerous weapons are those that are obviously dangerous such as guns, knives, and the like. Conversely, objects that have perfectly peaceful purposes may be turned into dangerous weapons when used in a manner likely to cause bodily harm." *Chansley*, 525 F. Supp. 3d at 161–62 (internal quotations omitted).

Accordingly, "[w]hether something is a 'dangerous' weapon depends on how it is used. Thus, 'objects that have perfectly peaceful purposes may be turned into dangerous weapons' when used in a manner likely to cause bodily harm." *Gieswein*, 2021 WL 3168148, at *13 (quoting *Gray v. United States*, 980 F.3d 264, 267 (2d Cir. 2020); *Chansley*, 2021 WL 861079, at *7).

Here, the stick-like object that is the subject of Counts 5 and 7 is not an *inherently* dangerous weapon, so the analysis is fact-dependent. The question of whether defendant Slaughter used the stick-like object as a dangerous weapon is therefore a question for the jury, rendering the defendant's motion here inappropriate under Rule 12. "If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). What the defendant seeks through his motion is a pre-trial factual ruling from the Court, akin to a summary judgement ruling in a civil case. But, criminal cases have no mechanism equivalent to the civil rule for summary judgment. *United States v. Bailey*, 444 U.S. 394, 413 n.9 (1980) (motions for summary judgment are creatures of civil, not criminal trials); *Yakou*, 428 F.2d at 246-47; *United States v. Oseguera Gonzalez*, No. 20-cr-40 (BAH), 2020 WL 6342940, at *5 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence).

III. <u>Conclusion</u>

For all of the foregoing reasons, the United States respectfully requests that the Court deny the Motion to Dismiss Counts 5 and 7 in all respects.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar Number 481052

By:   /s/ *Katherine E. Boyles*
        Katherine E. Boyles
        Assistant U.S. Attorney
        D. Conn. Fed. Bar No. PHV20325
        United States Attorney's Office – Detailee
        601 D Street NW

Washington, D.C. 20001
Phone: 203-931-5088
Email: Katherine.Boyles@usdoj.gov

*/s/ Stephen J. Rancourt*
Stephen J. Rancourt
Texas Bar No. 24079181
Assistant United States Attorney, Detailee
601 D Street, NW
Washington, D.C. 20530
(806) 472-7398
stephen.rancourt@usdoj.gov