UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim No. 1:22-cr-00354-RCL |
| | : | |
| **RICHARD SLAUGHTER, and** | : | |
| **CADEN PAUL GOTTFRIED,** | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' RESPONSE TO DEFENSE MOTION TO DISMISS COUNT ONE OF THE INDICTMENT ON THE GROUNDS THAT A BATON BELONGING TO THE METROPOLITAN POLICE DEPARTMENT IS NOT GOVERNMENT PROPERTY**

The United States of America (the "government") respectfully submits this opposition to Defendants' Motion to Dismiss Count One ("the Motion"), ECF No. 52. For the reasons contained herein, the United States respectfully asks the Court to deny the Motion.

Count One charges defendant Richard Slaughter with the offense of Robbery within the Special Maritime and Territorial Jurisdiction of the United States, in violation of Title 18, United States Code, Section 2111. Count One alleges that:

> On or about January 6, 2021, at or around 3:47 p.m., within the special maritime and territorial jurisdiction of the United States, **RICHARD SLAUGHTER** did by force and violence, and by intimidation, take and attempt to take from the person or presence of another, that is, an officer from the Metropolitan Police Department, a thing of value, that is, a baton.

The elements of Robbery under 18 U.S.C. § 2111 are:

First:   That the defendant obtained property that he was not lawfully entitled to, from a person, without that person's consent;

Second:   That the defendant used actual or threatened force, violence, or intimidation to obtain the property;

Third:   The defendant knowingly obtained the property in this way; and

Fourth: The defendant committed this offense within the special maritime or territorial jurisdiction of the United States.[1]

In its filing, the defense claims that the Metropolitan Police Department baton alleged to have been taken by Slaughter is not property of the United States. But proving the baton is federal government property is not an element of the offense.[2] Rather, the jurisdictional element is met by proving that the robbery occurred "within the special maritime and territorial jurisdiction of the United States." Whether or not the police baton is property of the United States is immaterial.

WHEREFORE, the United States, respectfully requests that this Court deny defense's motion to dismiss Count One.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   /s/ *Stephen J. Rancourt*
Stephen J. Rancourt
Texas Bar No. 24079181
Assistant United States Attorney, Detailee
601 D Street, NW
Washington, D.C. 20530
Phone: (806) 472-7398
Email: stephen.rancourt@usdoj.gov

/s/ *Katherine E. Boyles*
Katherine E. Boyles
Assistant U.S. Attorney
D. Conn. Fed. Bar No. PHV20325

---

[1] *See, e.g., United States v. Geoffrey Sills*, 21-cr-40-6 (TNM), ECF No. 427, at 2 (Statement of Facts for Stipulated Trial); *United States v. Robert Morss*, 21-cr-40-5 (TNM), ECF No. 430, at 1 (same); *United States v. Jeffrey Sabol*, 21-cr-35 (RC), ECF No. 351, at 3 (same).

[2] Slaughter *might* have an argument if he were charged under 18 U.S.C. § 2112, which makes it an offense to "rob[] or attempt[] to rob another of any kind or description of personal property belonging to the United States." But the government has not charged robbery under this statute.

2

                    United States Attorney's Office
                    601 D Street NW
                    Washington, D.C. 20001
                    Phone: 203-931-5088
                    Email: Katherine.Boyles@usdoj.gov