UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 1: 22-cr-00354-RCL-1 and 2 |
| RICHARD SLAUGHTER, and ) | |
| CADEN GOTTFRIED ) | |
| ) | |
| Defendants ) | |
| ) | |

**DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION (ECF #57) TO DEFENDANTS' MOTION TO DISMISS COUNTS 5 & 7 (ECF # 53)**

COMES NOW, the Defendants Slaughter and Gottfried, by and through undersigned counsel, with this Reply to the Government's recent opposition (#57) to Defendants' Motion to Dismiss (#53) Counts 5 and 7.

As a preliminary matter, just yesterday (9/28/2023) the government filed a superceding indictment, shuffling counts and adding additional charges. The allegations in Counts 5 and 7 appear to be encapsulated in new Counts 7 and 9. In any case these allegations must be dismissed as they fail to properly state a colorable claim; and are otherwise void for vagueness.

All authorities agree that a non-weapon <u>can become</u> a "weapon" through <u>use.</u> Thus, a bar of soap, a rolled-up newspaper,

1

a can of insect repellent, or a "stick-like object" could conceivably be a "weapon" for purposes of an assault-with-a-deadly weapon charge or an engaging-in-physical-violence-in-a restricted-area-with-a-dangerous-weapon charge. And there are such allegations contained in the indictments in this case.

But under the law, the mere carrying of a "stick-like object"—even while entering and remaining in a restricted area—cannot constitute the crime of "entering and remaining in a restricted area with a deadly and dangerous weapon" as alleged in Count 5 (now apparently Count 7). The same goes with the allegation in Count 7 (now apparently Count 9) that Slaughter engaged in "disorderly conduct" in a restricted area with a deadly or dangerous weapon.

The District of Columbia Metropolitan Police Department's *Standard Operating Procedures for Handling First Amendment Assemblies and Mass Demonstrations* (January 20, 2011) provides that "Many objects (such as crowbars or wrenches) may be used as tools or for other useful purposes, and the law does not prohibit carrying those objects for those purposes. . . . Walking down the street during a demonstration carrying a crowbar is not a crime." Id. Page I-11. This provision is found in the section bearing the

2

subtitle: "U.S. CAPITOL, SUPREME COURT, AND FOREIGN MISSION PROTESTS."

A "stick-like object" does not fall into the category of recognized weapons under D.C. (and federal) law. A "stick-like object" is not a pistol, dagger, dirk, razor, stiletto, knife with blade longer than 3", or other dangerous weapon." Id. Thus, these criminal counts must be dismissed because they do not allege that the defendant had specific intent at the time of possession to use it "unlawfully against another."

Dated: September 29, 2023                                   Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, September 29, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ John M. Pierce*
John M. Pierce
