UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim No. 1:22-cr-00354-RCL |
| | : | |
| RICHARD SLAUGHTER, and | : | |
| CADEN PAUL GOTTFRIED, | : | |
| | : | |
| **Defendants.** | : | |

### MOTION IN LIMINE TO EXCLUDE EXPERT TESIMONY AND REQUEST FOR *DAUBERT* HEARING

The United States of America hereby moves *in Limine* to exclude the Defendants' proposed expert witness, Steven Hill, as an expert on the use of force on January 6, 2021. *See* Def. Notice, Doc. 50 at 4. Mr. Hill should be rejected as an expert in this matter for the same reasons he has been rejected as an expert in several other January 6 related cases. *See, e.g.*, *United States v. Kenneth Joseph Own Thomas*, No. 21-cr-552 (DLF), 5/12/23 Minute Entry ("For the reasons stated at the May 12, 2023 pre-trial conference, the government's [87] Motion to Exclude the proposed expert testimony of Mr. Steve Hill and [106] Motion to Exclude the proposed expert testimony of Norbert J. Michel are GRANTED."); *United States v. Alberts*, No. 21-CR-26 (CRC), 4/14/23 Minute Entry ("The Government's [123] motion to exclude proposed defense expert witnesses Steven Hill and Dick Heller is hereby Granted for the reasons stated in open court on April 11."); *United States v. Pezzola*, No. 1:21-cr-175-TJK (6) (Tr. of Jury Trial Day 61 at 17299-30); *United States v. Barnett*, No. 1:21-cr-38-CRC; *United States v. Rhodes*, No. 1:22-cr-15-APM, ECF Nos. 267, 285.

### I. BACKGROUND

The defendants are charged in the superseding indictment with several felony offenses related to their participation in the riot at the U.S. Capitol on January 6, 2021. Defendant Slaughter

is charged with: Robbery, in violation of 18 U.S.C. § 2111 (Count One); Assaulting Certain Officers, in violation of 18 U.S.C. § 111(a)(1) and (b) (Count Two); Assaulting Certain Officers and Aiding and Abetting, in violation of 18 U.S.C. § 111(a)(1) and (b) and 2 (Count Three); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count Five); Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A)) (Count Seven); Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2)) and (b)(1)(A) (Count Nine); and Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A) (Count Eleven).

Defendant Gottfried is charged with: Assaulting Certain Officers, in violation of 18 U.S.C. § 111(a)(1) (Count Four); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count Six); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Eight); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Ten); and Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) (Count Twelve).

Both defendants are charged with committing an Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Thirteen).

On August 25, 2023, the defense noticed an expert witness, Steven K. Hill, who the defense represented would testify to "use of force and police civil liability," and more specifically:

1.  There was excessive force used by numerous law enforcement personnel employed by the Metropolitan Police Department.
2.  This excessive force consisted of massive deployment of irritants, gasses, and spray munitions in an extremely enclosed areas [sic], in violation of all governing use of force manuals and policies.

      3.     This excessive force also included beatings by baton strikes to the heads and faces of several demonstrators who did not pose a lethal threat, in violation of all governing use of force manuals and policies.

      4.     Failures to properly announce and warn members of the public regarding deployment of less-than-lethal munitions, in violation of every governing manual and policy.

Hill Notice, Doc. 50 at 2, 4. The Notice had several deficiencies under Federal Rule of Criminal Procedure 16 that the government highlighted in its Notice of Defendants' Rule 16 Disclosure Deficiency. *See* Doc. 55. The government's Deficiency Notice included a request to cure the deficiencies, but to date, the government has not received an amended expert notice from defense counsel.

## II. ARGUMENT

Under Federal Rule of Criminal Procedure 16, a defendant must make expert disclosures by a deadline "sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence." Fed. R. Crim. P. 16(b)(1)(C)(ii). The disclosure for each expert witness must contain, (1) "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief," (2) "the bases and reasons for them," (3) "the witness's qualifications, including a list of all publications authored in the previous 10 years," and, (4) "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(b)(1)(C)(iii).

Federal Rule of Evidence 702 principally governs the admission of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) [t]he expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) [t]he testimony is based on sufficient facts or data; (c) [t]he testimony is the product of reliable principles

and methods; and (d) [t]he expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Court has "the responsibility of acting as [a] 'gatekeeper[]' to shield unreliable or irrelevant expert testimony and evidence from the jury. *United States v. Sutton*, No. CR 21-0598 (PLF), 2022 WL 16960338, at *2 (D.D.C. Nov. 16, 2022) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). Thus, "the twin requirements for the admissibility of expert testimony are evidentiary reliability and relevance." *FTC v. Whole Foods Mkt., Inc.*, No. 1 : 07-cv-1021 (PLF), 2007 WL 7632283, at *1 (D.D.C. July 27, 2007).

"With respect to relevance, the Court must determine whether the proffered testimony is sufficiently tied to the facts of the case and whether it will aid the factfinder in resolving a factual dispute." *FTC v. Whole Foods Mkt., Inc.*, 2007 WL 7632283, at *1 (citing Daubert, 509 U.S. at 592-93). In addition to presenting reliable and relevant testimony, "an expert witness also must be "qualified" under Rule 702[,]" such that they possess sufficient "knowledge skill, experience, training or education," for their conclusions. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 49 (D.D.C. 2017) (quoting Fed. R. Evid. 702).

The defendant cannot meet these standards, at least not on the topics for which his claimed expert testimony is proposed.

### A. The Expert Notice is deficient.

Despite the government's requests for a Rule 16-compliant expert notice, the defense has not complied. Accordingly, this Court may preclude Mr. Hill's testimony as an expert on this basis alone.

### B. Mr. Hill's Testimony is irrelevant and inadmissible under Rule 403.

Even if the defense's failure to provide a proper Federal Rule of Criminal Procedure 16 notice of its intended expert is excused, Mr. Hill's testimony is both irrelevant and inadmissible

under Federal Rule of Evidence 403. Though the defendants' Notice nominally claims that the defense intends to present a "justifiable use of force" defense, *see* Doc. 50 at 1, the Notice does not explain how Mr. Hill's expert testimony is relevant to establishing that defense. Other courts in this district, under similar circumstances in similar cases, have therefore concluded that Mr. Hill's testimony is inadmissible as a result:

> With respect to Mr. Hill, expert testimony on excessive force by Capitol Police is not relevant to what the Court understands to be the potential self-defense claims by Mr. Alberts. Whether officers violated certain policies or standards in trying to control the crowd does not inform whether Mr. Alberts reasonably believed that he faced imminent threat of death of serious bodily harm or whether he could have taken actions to avoid any such threat.
>
> Any threat by the officers or from the officers can be established through the videos and percipient witness testimony. There's not a need for an expert to say whether the officers' actions violated some rule or standard.
>
> Even if the Mr. Hill were qualified to testify about the rules of engagement governing Capitol Police officers specifically, which the notices do not establish, and even if Mr. Hill's proposed testimony had some marginal relevance, it is still inadmissible under 403 because it would risk confusing the jury about the relevant elements of any self-defense claim, and that risk substantially outweighs whatever probative value the testimony would have.

*United States v. Alberts*, No. 21-CR-26 (CRC), 4/11/23 Trial Tr. 258:2-21.

Similarly, in *United States v. Pezzola, No. 1:21-cr-175-TJK* (6) Judge Kelly excluded Mr. Hill's proposed expert testimony "both on notice grounds and on relevance grounds and on 403 grounds, to the extent there is any relevance, because I do think it would be extremely difficult for the jury, even if there was some relevance to it, to pull that apart  from a, sort of, self-defense theory that I've excluded and that Mr. Pezzola is not saying he's offering that for." *See Pezzola, No. 1:21-cr-175-TJK* (6), Tr. of Jury Trial Day 61 at 17299-30. Mr. Hill's proposed expert testimony about the officers' use-of-force on January 6, 2021 also has been excluded in *United*

*States v. Barnett*, No. 1:21-cr-38-CRC, and in *United States v. Rhodes*, No. 1:22-cr-15-APM.

The Court should reach the same conclusion here.

**C. Mr. Hill cannot be qualified as an expert in "use of force and police civil liability."**

Even if the subjects of his testimony were relevant and admissible – which they are not – Mr. Hill is not qualified to speak on the topics for which the defendants have noticed him as an expert and seeks to allow the jury to hear his unfounded opinions. And Mr. Hill's trial testimony would be limited to the contents of his Rule 16 notice. See *United States v. Robinson*, 258 F. Supp. 3d 85, 86 (D.D.C. 2017) (granting government's motion in limine to exclude expert testimony not previously disclosed). According to the defendants' notice, they specifically wish to call Mr. Hill to opine based upon unidentified video evidence that unidentified officers engaged in excessive force and otherwise acted contrary to unspecified law enforcement training, policies, and procedures. *See* Doc. 50.

Though the defense has failed to timely provide Mr. Hill's curriculum vitae, *see* Docs. 50, 55, the government reviewed the curriculum vitae that defense counsel submitted in another case, *see United States v. Kenneth Joseph Own Thomas*, 21-cr-552 (DLF), ECF No. 85-1. Assuming Mr. Hill's curriculum vitae remains substantially the same as when defense counsel submitted it in April, Mr. Hill's background and experience do not qualify him as an expert to opine on the noticed topics: Mr. Hill is not a current or former USCP *or* MPD officer, does not appear to have undergone training as a USCP *or* MPD officer, and claims no familiarity with the policies and procedures of USCP *or* MPD. Mr. Hill worked as a police officer in Albuquerque, New Mexico, and as a systems engineer at the Sandia National Laboratory from 1986 until the present. *Id.* Although he claims to have trained dignitaries and students in topics including less-lethal munitions between 2000 and 2003, while he intermittently served as an adjunct instructor at the Department of Energy National

Training Center, *id.* at 3, his knowledge of the subject matter of his testimony appears to be sparse and dated.

There is no indication that Mr. Hill ever served in a riot control capacity or is familiar with the less-lethal tools employed by the USCP and MPD on January 6, 2021 or at any time. Mr. Hill appears to have no background or experience with the protection of Congress and the Capitol Building or any of the relevant law enforcement agencies – USCP, MPD, U.S. Secret Service ("USSS"), or any of the law enforcement agencies from Virginia and Maryland that responded to the Capitol on January 6 to provide aid and support to the staggeringly outnumbered local departments – and he certainly does not have the specialized experience that would qualify him as an expert on these agencies' performance of their duties on January 6, 2021. He does not claim knowledge about the crowd control techniques or devices utilized by the USCP, MDP, or USSS or the conditions under which they were used on January 6, 2021. Consequently, there is no basis for allowing him to muse to the jury about what he thinks the USCP, MDP, or USSS should have done differently to deter the defendants (who repeatedly attacked various of these officers over the course of numerous hours), clear the rioters, secure the building, and resume the certification proceeding. These are matters beyond his knowledge and experience. On these topics, he is at best an outsider or armchair quarterback, not an expert.

### III. CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that the Court exclude Mr. Hill as an expert in this case. In the alternative, the United States requests a *Daubert* hearing to assess the suitability of Mr. Hill to testify as an expert in the subjects identified in the Hill Notice, Doc. 50.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:  /s/ *Katherine E. Boyles*
Katherine E. Boyles
Assistant U.S. Attorney
D. Conn. Fed. Bar No. PHV20325
United States Attorney's Office
601 D Street NW
Washington, D.C. 20001
Phone: 203-931-5088
Email: katherine.boyles@usdoj.gov

/s/ *Stephen J. Rancourt*
Stephen J. Rancourt
Texas Bar No. 24079181
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Phone: (806) 472-7398
Email: stephen.rancourt@usdoj.gov