UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim No. 1:22-cr-00354-RCL |
| | : | |
| **RICHARD SLAUGHTER, and** | : | |
| **CADEN PAUL GOTTFRIED,** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE GOVERNMENT STATEMENTS OF MEDICAL INJURIES**

The United States of America respectfully submits this response in opposition to Defendants' "Motion in Limine to Preclude Government Statements of Medical Injuries by Defendants [sic] Unless Timely, Corrosponding [sic], Injury Reports and Medical Records Exist" ("the Motion"), Doc. 67. In the motion, defendants ask the Court to for "an order precluding the government from presenting police (or other) witnesses who claim to suffer medical harms or mental injuries stemming from the defendants unless those witnesses previously documented their injuries, as the law and polices requires, and unless defense counsel has been timely provided with all medical records and statements." *Id.* at 2.

*First*, to the extent that there are medical records or injury reports relating to injuries sustained on January 6, 2021 by the victims in this case and/or the government's anticipated witnesses, in the government's possession, those records have been or will be disclosed to the defense pursuant to the government's acknowledged obligations under *Brady*, *Giglio*, *Jencks*, Rule 16, on a timeline compliant with those obligations and this Court's scheduling order. The government notes that officers' injury reports are and have been continuously available to defense counsel on the Relativity platform used to disseminate Global Discovery in January 6 cases. These injury reports can be accessed by simply searching for an officer's name in the platform.

Accordingly, the government maintains that the gravamen of the defendants' request is moot – the records requested, if they exist and are in the government's possession, have already been produced or will be produced in short order as the government prepares for trial and identifies its witnesses for this case.

*Second*, to the extent, however, that the motion seeks an order barring live testimony from the government's witnesses related to *any* harms or injuries they suffered during the course of their service on January 6, 2021, that request is overbroad and not grounded in any statute, Rule of Evidence, or case law. Notably, the defendants have not cited *any* legal authority for their request, because none supports it. The government bears a heavy burden in criminal cases. To prove the defendants' guilt beyond a reasonable doubt, the government is entitled to present its case using evidence, including live testimony, that is relevant to the jury's determination of the defendants' guilt, *see* Federal Rule of Evidence 401; that is admissible, *see* Rule 402; and that does not run afoul of Rule 403's balancing test.

Here, the government cannot—and is not required to—precisely predict what all of its witnesses may say about the harms and injuries that they sustained during January 6, 2021. Given the context of the attack on the Capitol, it is not uncommon or surprising that officers sustained physical and mental injuries that they may or may not have reported or sought medical treatment for. That does not mean, however, that they should be barred from explaining to the jury their full experience, including injuries and harms that they may not have sought formal, medical treatment for, such as muscle soreness, bruises, sleeplessness, irritability, anxiety, weight loss/gain, and the like. Defense counsel is of course welcome to cross-examine the government's witnesses about such testimony and explore why or why not the witness did not seek medical treatment for these conditions. But that does not mean that the witness should be barred from testifying to relevant

facts that bear on the defendants' guilt.

Accordingly, the United States respectfully asks the Court to deny the defendants' Motion in Limine.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar Number 481052

By:    /s/ *Katherine E. Boyles*
        Katherine E. Boyles
        Assistant U.S. Attorney
        D. Conn. Fed. Bar No. PHV20325
        601 D Street NW
        Washington, D.C. 20001
        Phone: 203-931-5088
        Email: Katherine.Boyles@usdoj.gov

        */s/ Stephen J. Rancourt*
        Stephen J. Rancourt
        Assistant United States Attorney
        Texas Bar No. 24079181
        601 D Street, NW
        Washington, D.C. 20530
        Phone: (806) 472-7398
        Email: stephen.rancourt@usdoj.gov