UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim No. 1:22-cr-00354-RCL |
| | : | |
| RICHARD SLAUGHTER, and | : | |
| CADEN PAUL GOTTFRIED, | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ALL
DISCUSSION OF SIGNS, BARRICADES, ANNOUNCEMENTS,
AND BAD ACTS NOT SEEN OR COMMITTED BY DEFENDANTS**

The United States of America respectfully submits this response in opposition to Defendants' "Motion in Limine to Preclude All Discussion of Signs, Barricades or Announcements Not Seen by Defendants as well as All Discussion of Bad Acts, Crimes, or Guilt by People Other than Defendants" ("the Motion," Doc. 69.). Slaughter and Gottfried ("the defendants") request that the Court preclude from trial "any evidence, discussion, or argument regarding signs, fencing, dispersal announcements, barricades or other barriers" unless the government makes a showing that the defendants were "in a place to clearly and obviously witness such features." Defendant's Motion, Dkt. 69, at 1. They also seek to preclude the government from offering evidence or testimony "that others may have committed bad acts or crimes as a way to impose guilt" on the defendants. *Id* at 2. Defendants' Motion should be denied.

### ARGUMENT

A. **Implements of the restricted perimeter are relevant and admissible, regardless of whether the defendants observed those particular implements.**

The defendants first argue that evidence of the implements of the restricted perimeter – barricades, bike rack fencing, signage, and the like – should be excluded unless the defendants

personally observed each of those implements. This argument should be rejected, as it ignores the relevance of that evidence to proving essential elements of the § 1752 offenses that the government must prove beyond a reasonable doubt.

The defendants are charged with, among other offenses, violations of 18 U.S.C. §§ 1752(a)(1), (a)(2), and (a)(4), offenses involving their presence within the restricted area arising from the Vice President's temporary visit to the Capitol on January 6, 2021 for proceedings to certify the Electoral College vote. The elements for each of these offenses are as follows:

18 U.S.C. § 1752(a)(1) (Counts 7 and 8):

1) The defendants entered or remained in a restricted building or grounds without lawful authority to do so.

2) The defendants did so knowingly.

U.S.C. § 1752(a)(2) (Counts 9 and 10):

1) The defendants engaged in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds;

2) The defendants' conduct occurred when, or so that, their conduct in fact impeded or disrupted the orderly conduct of Government business or official functions; and

3) The defendants did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

18 U.S.C. § 1752(a)(4) (Counts 11 and 12):

1) The defendants engaged any act of physical violence against any person or property in any restricted building or grounds; and

2) The defendants did so knowingly.

In Slaughter's case, the government must also prove that he committed violations of 18 U.S.C. §§ 1752(a)(1), (a)(2), and (a)(4) while using or carrying a deadly or dangerous weapon.

Each offense requires the government to prove both the *objective existence* of a restricted building or grounds, the defendants' actions within such building or grounds, and that the defendants' actions occurred *knowingly*.

By law, "the term 'restricted buildings or grounds' means any posted, cordoned off, or otherwise restricted area—(B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). The government must prove—independently—that the defendants entered or remained in an area that was posted, cordoned off, or otherwise restricted, 18 U.S.C. § 1752(a)(1), committed disorderly or disruptive conduct within such area, 18 U.S.C. § 1752(a)(2), and committed violence within such area 18 U.S.C. § 1752(a)(4).

Next, the government must show that the defendants committed their acts knowingly. It is within this *knowingly* element that the defendants seem to argue that the government must "prove that Defendants Slaughter and Gottfried knew they were in an unauthorized area or areas." Defendant's Motion at 2. Certainly, this would include evidence of signs, fencing, dispersal announcements, barricades, or other barriers to show the defendants' knowledge. An apt example can be found in *United States v MacAndrew*, No. 21-cr-730-CKK, January 17, 2023, 2023 WL 196132. In *MacAndrew*, Hon. Colleen Kollar-Kotelly found:

> [The defendant's] knowledge, like a snowball rolling down a ski slope, accumulated that day. Her suspicions undoubtedly started when . . . she passed "Area Closed" signs affixed to strewn fencing. If she did not know at that time her presence on Capitol grounds was unlawful, her awareness must have been stronger when she clambered over dismantled bike racks and snow fencing even closer to the Capitol building with their own "Area Closed" signs. If, after seeing *those* signs, she did not know her presence was unlawful after *those* signs, then surely she knew she was unlawfully present when she encountered a line of armored Metropolitan Police Department

3

> ("MPD") officers marching past Capitol Police officers guarding the Capitol building behind bike racks affixed, again, with "Area Closed" signs.
>
> Assuming, for the sake of argument, that she *still* did not know she was not permitted on Capitol grounds or in the Capitol building, she must have known when she arrived to the Upper West Terrace and met four individuals she testified she knew to have been pepper sprayed. Or, to enter the realm of the fabulist, perhaps it was only when she entered the Capitol through a broken door, an emergency siren blaring. These signs, and other detailed below, undoubtedly endowed [the defendant] with the knowledge that her presence and protest in the Capitol was unlawful. Nevertheless, she remained.

*United States v MacAndrew*, No. 21-cr-730-CKK, January 17, 2023, 2023 WL 196132 at *1-2. (emphases in original).

Here, and much like in *MacAndrew*, the government intends to present the jury with evidence of a series of impediments to entry to the Grounds and the Capitol that the defendants experienced *personally*. But the government also intends to introduce evidence of impediments to entry that the defendants may or may not have personally observed, because that evidence is still relevant to proving the *objective* existence of a restricted perimeter (an element of all of the § 1752 offenses). Contrary to the defendants' assertions, the requirement that the government prove that the defendants acted *knowingly* does not negate the government's obligations to prove the restricted area *objectively*.

Therefore, the government respectfully requests this Court deny the defendant's motion for an *in limine* order precluding evidence of unseen signs and other implements of the restricted perimeter.

### B. Defendants' request to preclude all argument and evidence that the defendants are guilty by association should be denied.

Embedded in the defendants' motion is also a request to preclude argument and evidence that the defendants are guilty "due to the criminal conduct of others." In other words, the defense

4

seeks an order precluding a guilt-by-association prosecution. The government has no intention of putting on such a case: the government agrees with the defendants' assertion that observing picketing, parading, or disorderly conduct *by others* does not automatically mean that the defendants engaged in the same conduct, and the government agrees that it must establish the defendants' guilt beyond a reasonable doubt independent of what other individuals may have done that day. There are, however, myriad reasons why the actions of other rioters on January 6, 2021 are still relevant, admissible, and not unduly prejudicial to the defendants.

First, in a case of this nature, it would be impossible for the government to present evidence of the defendants' crimes without showing, within that same evidence, crimes committed by others.

Second, the acts of other rioters are relevant and admissible to establishing the defendants' knowledge and intent. Both defendants intentionally, and violently, interacted with law enforcement officers on the Lower West Terrace *after* watching numerous other attacks on law enforcement. The violence that they saw perpetrated by other members of the crowd is probative of their mindset and intent when they approached those officers and is appropriate evidence for the jury's consideration.

Third, the defendants are both charged with committing acts in furtherance of a civil disorder, in violation of 18 U.S.C. § 231. Proving this charge against both defendants necessarily involves proof of the civil disorder, which definitionally involves the acts of three or more persons. *See* 18 U.S.C. § 232(1) (defining the term "civil disorder" as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual."). Presenting the jury with the acts of the violent mob on January 6, 2021 is a required, and essential, part of the

government's case.

Fourth, parts of the government's case are based on aiding and abetting liability. Defendant Slaughter is charged with assaulting, resisting, or impeding certain officers using a deadly or dangerous weapon and aiding and abetting, in violation of 18 U.S.C. §§ 111(a)(1) and (b) and 2. At trial, the government will prove that, at approximately 4:04 p.m. on January 6, Slaughter handed chemical spray to another rioter, and that other rioter then assaulted MPD Officer M.A. with the spray. To succeed on an aiding and abetting theory, the government must show not only Slaughter's conduct in passing the spray, but what that other rioter did with it in order to prove the offense. Here, establishing the criminal conduct of another is an element of the charged offense.

At trial, the defendants are free to cross examine witnesses and establish what they did *not* do. And the government has no intention of making blanket arguments that the defendants are guilty merely because they were present while others engaged in criminal conduct. But to seek an order prohibiting "all discussion of bad acts, crimes, or guilt" of others is overbroad and premature.

## CONCLUSION

Accordingly, the United States respectfully asks the Court to deny the defendants' Motion in Limine in its entirety.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: /s/ *Stephen J. Rancourt*
Stephen J. Rancourt
Assistant United States Attorney
Texas Bar No. 24079181
601 D Street, NW
Washington, D.C. 20530
Phone: (806) 472-7398
Email: stephen.rancourt@usdoj.gov

/s/ *Katherine E. Boyles*
Katherine E. Boyles
Assistant U.S. Attorney
D. Conn. Fed. Bar No. PHV20325
601 D Street NW
Washington, D.C. 20001
Phone: 203-931-5088
Email: Katherine.Boyles@usdoj.gov