UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Crim No. 1:22-cr-00354-RCL** |
| : | |
| **RICHARD SLAUGHTER, and** : | |
| **CADEN PAUL GOTTFRIED,** : | |
| : | |
| **Defendants.** : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S
### MOTION TO CONTINUE TRIAL

The United States of America respectfully submits this response in opposition to Defendants' "Motion to Continue Trial and Amend Scheduling Order Due to Superceding (sic) Indictment" ("the Motion," Doc. 75.). Slaughter and Gottfried ("the defendants") request that the Court move the trial date, which was set back in May 2023, because the superseding indictment (Doc. 60) filed on September 27, 2023, alleges a new offense. The defendants also claim that since 18 U.S.C. § 231 counts are now separated, "there are now a larger number of incidents or episodes at issue." Defendants' Motion at 2. Lastly, the defendants allege that although the government sent a timely Rule 404(b) notice, which included the additional conduct for which defendant Slaughter has now been charged, they need "at least another 60 days to study these extra claims and information and prepare for trial. *Id*. Defendants' Motion should be denied.

### ARGUMENT

As the government outlined for the defendants in an email on September 28, 2023,[1] the superseding indictment includes four changes:

---

[1] Attached as Government's Exhibit 1.

1. It alleges a new offense under 18 U.S.C. §§ 111(a)(1) and (b) and 2 against Slaughter (Count 3 of the superseding indictment);

2. It separates the 18 U.S.C § 231 charge into two separate 231s: one for Slaughter, and one for Gottfried. This is meant to clarify that Slaughter and Gottfried are alleged to have committed their 231 conduct separately;

3. It lists the alleged victim for the 18 U.S.C. § 2111 count (Count 1); and

4. It clarifies that the first 18 U.S.C. §§ 111(a)(1) and (b) count against Slaughter (Count 2) was committed on or about 3:59 p.m., which is when Slaughter is alleged to have used his stick-like object against the police line at the entrance to the tunnel.

Within its email to the defendants, the government included a redlined document showing the precise differences between the original and superseding indictments.[2]

The defendants claim they need more time to investigate the basis of the new offense. But Slaughter's passing of a canister to Cody Mattice has been disclosed by the government at every stage of this case. In the Statement of Facts, filed on September 30, 2022, the government alleged that, "Slaughter handed chemical spray to another individual who was later identified as Cody Mattice."[3] The government even included a footnote to this sentence, noting that "Mattice has been sentenced in Case No. 1:21-cr-657(1) (BAH)."[4] Slaughter's passing of a canister to Mattice, which forms the basis for Count Three of the superseding indictment, was disclosed from the onset of this case, both in the government's charging documents and its initial discovery disclosure.[5]

---

[2] Attached as Government's Exhibit 2.
[3] Statement of Facts, attached as Government's Exhibit 3, at 9.
[4] *Id*. at n.2.
[5] *See*, *e.g.,* Government's Exhibit 1 at 1.

Additionally, and pursuant to the Court's Trial Scheduling Order, the government timely provided notice of Slaughter's now-charged offense as a bad act pursuant to Federal Rule of Evidence 404(b). In its 404(b) Notice,[6] the government again informed the defendants that Slaughter was observed handing a black canister of what appears to be oleoresin capsicum (OC) spray to another rioter, that this conduct is believed to have occurred at approximately 4:05 p.m., that the recipient of the canister was Cody Mattice, and that Mattice discharged that canister towards a police officer.[7] The government outlined that Mattice pled guilty to a single count of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b), that Mattice's deployment of the spray passed to him by Slaughter formed the basis of Mattice's guilty plea, and provided both a copy of the government's *Mattice* sentencing memo and the body worn camera of Mattice's victim, Metropolitan Police Department Officer M.A., in discovery.[8] In addition to screenshots of Slaughter's conduct, the government included a link to open-source video of this event, which had also been previously provided in discovery.[9]

Defendants' claim that Slaughter's aiding and abetting an assault on MPD Officer M.A. is a "new allegation" is false. Slaughter has been given notice of this conduct since the day he was arrested. Furthermore, 28 gigabytes of videos showing not only this event, but *everything* the defendants are alleged to have done at the Capitol on January 6, 2021, were included in the government's initial discovery disclosures in December 2022.[10] The government also gave timely

---

[6] Attached as Government's Exhibit 4.
[7] *Id*. at 9-10.
[8] *Id*. *See also* Government's Second Supplemental Discovery Letter, attached as Government's Exhibit 5, at 4.
[9] Government's Exhibit 4 at n.4.
[10] *See* Government's Initial Discovery Disclosure, Government's Exhibit 6, at 13-14.

notice back in August 2023 that it intended to offer this evidence at trial under Rule 404(b). Defendants' request to continue trial to investigate an offense they have known about for over a year is baseless.

Further, Defendants' assertion that separating their alleged offenses under 18 U.S.C. § 231 somehow creates "a larger number of incidents or episodes at issue," Defendants' Motion at 2, is equally baseless. Nothing about this case has changed since the moment the defendants were arrested. The government has not located additional videos of the defendants, no new criminal acts have been discovered since arrest, and there are the same number of alleged "incidents or episodes" as when the government provided initial discovery nearly 11 months ago. Slaughter and Gottfried's separation at the Capitol, and allegations that they committed certain crimes independent of one another, was outlined in the Statement of Facts forming the basis for their arrest.[11] The superseding indictment's division of the 231 charges into individual counts for Slaughter and Gottfried does nothing to change this calculus.

Lastly, the defendants' request to continue the trial date "to prepare additional Rule 12 motions relating to these new counts and evidence" is also not a basis to grant the motion. Defendants' Motion at 2. As outlined above, there is no "new evidence" – the government disclosed uncharged conduct of Slaughter at every opportunity, and then charged it well in advance of trial. Not to mention the fact that a Rule 12 motion should not be based on the evidence – that is what trial is for. On September 28, 2023, the day after the superseding indictment was filed, the government telegraphed the changes to defense counsel. The government also made clear that it was unopposed to the defendants filing additional Rule 12 motions outside the deadline of the

---

[11] *See* Statement of Facts, Government's Exhibit 3, at 4-12.

Court's Trial Scheduling Order, at least as they related to the newly charged offense.[12] Despite having nearly a month to process the new charge, in addition to the 11 months of discovery outlining the conduct, defense counsel has yet to file anything.

## CONCLUSION

The government is prepared to try this case on December 1, 2023. It has complied with the Court's Scheduling Order relating to 404(b) evidence, has painstakingly outlined the scope of the defendants' criminal conduct for defense counsel, and offers no new evidence beyond what was disclosed in the defendants' charging instrument and the government's initial discovery. Beyond Slaughter's newly charged Assault, the differences between the original and superseding indictments are minimal; if anything, they provide the defendants with *more* clarity of what the government intends on proving at trial. Allegations that the defense is in any way hampered by a superseding indictment filed over two months in advance of trial is unsupported.

Accordingly, the United States respectfully asks the Court to deny the defendants' Motion to Continue Trial.

---

[12] Government's Exhibit 1 at 1.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                DC Bar No. 481052

By:    */s/ Stephen J. Rancourt*
                Stephen J. Rancourt
                Assistant United States Attorney
                Texas Bar No. 24079181
                601 D Street, NW
                Washington, D.C. 20530
                Phone: (806) 472-7398
                Email: stephen.rancourt@usdoj.gov

                /s/ *Katherine E. Boyles*
                Katherine E. Boyles
                Assistant U.S. Attorney
                D. Conn. Fed. Bar No. PHV20325
                601 D Street NW
                Washington, D.C. 20001
                Phone: 203-931-5088
                Email: Katherine.Boyles@usdoj.gov