# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>-v-<br><br>**RICHARD SLAUGHTER, and**<br><br>**CADEN GOTTFRIED,**<br><br>Defendants. | Criminal No.: **1: 22-cr-00354-RCL-1 and 2**<br><br>**DEFENDANTS REPLY TO UNITED STATES 'RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE GOVERNMENT STATEMENTS OF MEDICAL INJURIES.** |

## DEFENDANTS REPLY TO UNITED STATES 'RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE GOVERNMENT STATEMENTS OF MEDICAL INJURIES.

COMES NOW, the Defendants Slaughter and Gottfried, by and through his counsel of record John Pierce, with this reply to "United States' Response in Opposition to Defendants' Motion in Limine to Preclude Government Statements of Medical Injuries" ("the Response"), Doc. 72. In the response, United States opposes defendants motion asking the court to ""an order precluding the government from presenting police (or other) witnesses who claim to suffer medical harms or mental injuries stemming from the defendants unless those witnesses previously documented their injuries, as the law and polices requires,

and unless defense counsel has been timely provided with all medical records and statements." Doc 67. at 2.

The United States argues that documents were provided to Defendant's team via Relativity. First, there are over 7.93 million files (over 10.08 terabytes of information) provided in Relativity.

Defense seeks to avoid what has happened in previous January 6 trials, including the trial of Kenneth Joseph Thomas, before Judge Friedrich.

At trial, Thomas was suddenly confronted with a recently-fabricated claim by MPD officer Robert ********** that Thomas had contributed to ************' "undiagnosed PTSD"—a claim which had not been provided to the defense.

Post Traumatic Stress Disorder is a serious medical condition that must be reported to supervisors. Both OSHA rules and the MPD rules require this. Medical records must be generated, and provided to opposing parties wherein the mentally ill officer claims the party caused his or her PTSD mental illness. The Thomas defense team was never provided any such records.

Significantly, a confirmed medical diagnosis of PTSD generally ends a patrol officer's career. Police Departments must generally provide severance and disability protection for any such officer, and that officer must not be further allowed to patrol a community. Numerous civil cases hold that such an officer becomes no longer fit for patrol duty, as they can be a danger to members of the community. For one thing, PTSD requires treatment that may include mind-altering drugs.

The Department of Justice's own reports indicate the severe impacts of a PTSD diagnosis for any patrol officer.

> In a recent preliminary study, we used measures of brain function to determine the effects of PTSD on police decision making.2 We recorded electroencephalography (EEG) while police officers were presented with a decision-making situation. Then, we compared the decision-making abilities of those officers having higher levels of PTSD with those that have low or no PTSD levels. Results suggested that officers who have higher levels of PTSD had greater brain activation in areas related to rapid decision making. Disruptions in rapid decision making by an officer who has PTSD may affect brain systems due to heightened arousal to threats, inability to screen out interfering information, or the inability to keep attention.

DOJ: *PTSD among Police Officers: Impact on Critical Decision Making,*

May 2018 | Volume 11 | Issue 5.

In Thomas' trial, prosecutors slipped in a recently-created claim that ******* had suffered extreme "PTSD-like" mental trauma from Thomas. Conveniently, the officer claimed his mental condition was "undiagnosed." Thomas' defense team had no way of anticipating or preparing for such testimony. Significantly, the officer had (unbeknownst to the defense) claimed he "felt he had "PTSD" from his experiences that day" and that he "experienced "zoning out reactions" when reminded of January 6." The officer testified he could not go to any mall or crowded area for months after January 6."

Obviously, if true, this officer should be immediately taken off street patrol. (Counsel has no idea if this has happened.)

CONCLUSION

For all the foregoing reasons , defendants ' motion in limine to preclude  surprise government claims of medical injuries caused by defendants should be GRANTED.

/s/ *John M. Pierce*

John M. Pierce 21550
Oxnard Street 3rd Floor,
PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, Nov. 1, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

<u>/s/ John M. Pierce</u>
John M. Pierce