Richard Slaughter
c/o 215 Williams Blvd. N.E.,
(City of) Orting,
The State of Washington [98360]

Telephone: 1 - (253) 306-1094

NOTICE OF TERMINATION OF JOHN M. PIERCE

In re:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff<br><br>    v.<br><br>Richard Slaughter, and<br>Caden Gottfried<br>    Defendants | Criminal No. 1:22-cr-00354-RCL-1 and 2.<br><br>NOTICE OF TERMINATION OF COUNSEL JOHN M. PIERCE FOR INEFFECTIVE ASSISTANCE OF COUNSEL WITH DEMAND FOR A MARSDEN ZOOM HEARING, PEOPLE v. MARSDEN, 2 Cal. 2d 118 (1970) |

**NOTICE OF TERMINATION OF COUNSEL JOHN M. PIERCE FOR INEFFECTIVE ASSISTANCE OF COUNSEL IN SUPPORT OF MOTION FOR CONTINUANCE TO SEEK COMPETENT COUNSEL WITH DEMAND FOR A MARSDEN ZOOM HEARING PURSUANT TO PEOPLE v. MARSDEN, 2 Cal. 2d 118 (1970).**

Comes now, the Defendants herein, Richard Slaughter and Caden Gottfried with notice to the court that he is terminating JOHN M. PIERCE for Ineffective Assistance of Counsel pursuant to Strickland v. Washington, 466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052, 2064 (1984) and People v. Marsden, 2 Cal. 2d 118 (1970).

1, we respectfully request this court to take FRCP 201 Mandatory Judicial Notice of Title 28 U.S.C. §1652, FRCP Rule 64, the Full Faith and Credit Clause and the Supremacy Clause of the United States Constitution as codified at 28 U.S.C. § 1333, allows us to invoke and use all our "common law remedies" provided by Washington State Laws, and laws from other States, and other Federal Circuits.

The CrR 1.1 decisional case law of Washington State holds that . . . "where a defendant seeks to fire his appointed attorney, the court must undertake a penetrating and comprehensive examination of what the defendants allegations are as to why different counsel needs to be appointed or new private counsel employed. Only after such examination then is a decision within the sound discretion of the trial court." **State v. Dougherty**, 33 Wn.App. 466 1982).

A challenge to the effective assistance of counsel is reviewed de-novo. **State v. White**, 80 Wn.App. 406, 410, 907 P.2d 310 (1995), review denied, 129 Wn.2d 1012 (1996).

A. THE DEFENDANT HEREBY TERMINATES TRIAL COUNSEL JOHN M. PIERCE FOR BEING INEFFECTIVE IN FAILING TO DISCOVER BEFORE TRIAL INFORMATION THAT WOULD BE RELEVANT TO HIS DEFENSE AND FOR FAILURE TO RESEARCH APPLICABLE CASE LAW IN SUPPORT OF MY DEFENSE.

1.) Once I hired John Pierce in the spring of 2023, we agreed that he was going to review the discovery with his team and let us know what his recommendations were regarding a possible defense strategy for alleged crimes as required by Washington State Court Rule RPC 1.4(a)(1)(2)(3)(4). Several months had passed without such a meeting due to his multitude of cases currently ongoing in violation of Washington State Court Rule RPC 1.4(a)(1)(2)(3)(4). He claimed to have 36 other J6 cases, which he said would work to our advantage because they would use what they learned in other cases. But again, he wasn't making any time to review our case.

2.) We reached out asking if he had reviewed the discovery and he said that the prosecutor sent him an email with malicious malware attached. He claimed it bypassed Norton security but was caught by Microsoft with an alert pop-up on his computer. He made this allegation known to the court and there was a hearing regarding the claim. We were granted more time so that Mr. Pierce could prove his claims. He told us that he has a friend who was ex-military computer forensics who worked in cyber warfare. He said he was going to have this person analyze his computer and verify this claim. The judge granted him the time and we didn't speak with his team the entire time in between court hearings. Upon the next hearing in which Caden and I were present, it was made aware to us during the court hearing that Mr. Pierce didn't file anything with

the court to substantiate his accusation. This was the first time we learned of this, and it was very embarrassing and off-putting. It made the judge visibly frustrated while the prosecutor seemed amused. Mr. Pierce didn't provide us with any explanation whatsoever. At that point they scheduled the trial date for December 1st. We believe that Mr. Pierce completely falsified this absurd crazy accusation that the prosecutor sent him am email with malicious malware attached to it and presented these misrepresentations as some kind of delay or stall tactic simply because he was unprepared to argue our case before the court in violation of Washington Court Rule RPC 8.4(c) and/or former RLD 2.8. An attorney or prosecutor has a duty not to use perjured testimony or false evidence to prove a case. RPC Rule 3.3(a)(formerly CPR DR 7-102(A)(4)); State v. Lavaris, 41 Wn.App. 856, 859, n. 1, 707 P.2d 134 (1985), aff'd, 106 Wn.2d 340, 721 P.2d 515 (1986). I, we request the court to order John M. Pierce to refund us all attorney expenses for all the time, all documents, and preparation that he charged us for submitting these frivolous malicious malware arguments.

3.) After this hearing I requested an in-person meeting with Mr. Pierce and we agreed on meeting in Whitefish Montana around the first weekend of July. He was going to be there for personal reasons but said he would give me time on Sunday July 2nd. However, just a few days

before flying out, I received a call from Emily who works on his team who informed me that Mr. Pierce needed to cancel our meeting stating that John has an "emergency parole hearing" on Monday July 3rd., in violation of his "continuing duty" to disclose additional information or material which is discoverable under Washington State Court Criminal Court Rule CrR 4.7(h)(2); ABA Standards 3-3.11(a). I asked why our meeting couldn't still take place since it was on Sunday morning, and she said it just wouldn't work out. So I cancelled my flight and we did not set another date to meet.

4.) The following month the prosecutor sent Mr. Pierce an email in mid-August stating that additional discovery was made available from my cell phone records and they were planning on using the material as evidence against me, unless he had an objection/dispute that he could respond within an appropriate period. Two more emails were sent to Mr. Pierce from the prosecutor with more information as they were gearing up to proceed with a superseding indictment. None of the emails in August were brought to the attention of Caden or I again in violation of his "continuing duty" to disclose additional information or material which is discoverable under Washington State Court Criminal Court Rule CrR 4.7(h)(2); ABA Standards 3-3.11(a).

5.) The following month in September a grand jury convened, and the superseding indictment was issued based on new information regarding another individual who pled guilty to a crime, that they are alleging is connected to me, thus adding another assault charge with aiding/abetting the other individual along with separating some of the charges between myself and Caden which also changes things for him.

6.) We were only made aware of all of this about 1 week after the indictment came down through an email from Emily with Mr. Pierce's team, thus Mr. Pierce was "ineffective assistance of counsel" for failure to keep us adequately informed in a timely manner about the status of legal proceedings and/or failing to promptly comply with reasonable requests for information in violation of Washington State Superior Court Criminal Rule RPC 1.4(a). I immediately requested a motion to file for a continuance so that we would have time to review and prepare.

7.) I asked Emily what the difference between the two indictments is. She didn't seem to know, so she emailed the prosecutor this question to which he promptly responded with the differences highlighted with red box diagrams and text, clearly laying out the differences between the two. I would assume this information would've been shared with Mr. Pierce.

8.) The next court date was for the new arraignment of the subsequent added charges for both Caden and I. I had asked for a meeting with Mr. Pierce beforehand, but the only time he had available was the morning of the hearing, again in violation of Washington State Superior Court Rules RPC 1.4(a); CrR 4.7(h)(2); and ABA Standards 3-3.11(a). We planned a call 1 hour prior to which Caden and I were both on the call. During that call, Mr. Pierce asked me what the differences were between the two indictments, which tells me he's not even aware of what is going on. He then asked me to hang on, while he is going to email the prosecutor to explain just minutes before our hearing. I stopped him from doing this and explained to him that Emily had already done this and the prosecutor quickly and quite clearly spelled out all of the differences between the two. At that point, the call was disconnected. A few minutes later Mr. Pierce called Caden and I back and said "I'm not sure what happened, but sorry about that." And now he seemed to be informed about the differences which I'm assuming he disconnected the call to ask Emily what the differences were to save face and embarrassment for not being prepared or informed in continuing violation of in violation of Washington State Superior Court Rules RPC 1.4(a); CrR 4.7(h)(2); and ABA Standards 3-3.11(a). At this time, I was made aware that he still hadn't filed a motion for the continuance that I requested almost a month prior to the arraignment.

9.) After the arraignment I had a conversation with Mr. Pierce over the phone about scheduling time to review the case once again. He said Emily will reach out to schedule this but I could come to D.C. "anytime". I asked specifically and he said "about the first week of November" and then I didn't hear anything back in violation of Washington State Court Rule RAP 1.4(a)(1)(2)(3)(4). I was waiting to hear the results of the motion for continuance before making another purchase for airline tickets in case something changed.

10.) I then received a call from Emily at about 6:30pm Pacific time (9:30pm Eastern) "their time" at which point she asked me if Caden and I have any witnesses. She seemed to be stressed and it sounded urgent. I told her I was confused about why.

11.) She is just now asking for this for the first time since we are 30 days away from trial and she said it's because the list was due in court tonight. This was extremely upsetting and shocking to say the least.

12.) After At this point, November 4th 2023, my step-son Caden and I have yet to have any formal reviews with Mr. Pierce and his team regarding any of the discovery items, possible defense

strategies, or even an official story from us with time lines about the event on the day when everything occurred in violation of Washington State Court Rule CrR 4.7(h)(2) which fastens a continuing duty upon the prosecutor to disclose additional information or material which is discoverable under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963); ABA Standards 3-3.11(a); and RPC 3.8(d), which encompasses impeachment evidence as well as exculpatory evidence pursuant to United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 3380-81, 87 L.Ed.2d 481 (1985) and United States v. Agurs, 427 U.S. 97, 49 L.Ed.2d 342, 96 S.Ct. 2392 (1976). Over the phone, he mentioned this can take place sometime in the few weeks leading up to the trial. But now that we're seeing yet again, no preparation, no communication, and no planning has taken place in violation of his continuing duty under CrR 4.7(h)(2) and RPC 1.4(a)(1)(2)(3)(4). I have lost all confidence with Mr. Pierce and his legal team.

13.) Tuesday, November 14th Emily from John Pierce's team sends me a text message "Did you want to fly out to review discovery and such before trial?" So it's quite clear this team is not prepared for trial and perhaps never planned to be. I've never been involved in a criminal case like this but I'm pretty sure this isn't how it's supposed to go. My son and I will need to seek new counsel, anyone that doesn't have 20 other cases going on should work fine. And someone who is

Case 1:22-cr-00354-RCL Document 95 Filed 11/20/23 Page 10 of 13

more honest and ethical would be ideal. I believe Mr. Pierce and his team have lied about both the malware attack from the prosecutor and the reasoning behind the last-minute cancellation to fly out and review my case in person. Nothing but excuses about his multiple other cases as to why we have not had proper time to meet and/or discuss the case for my son and I.

14.) Attorney John M. Pierce was "ineffective assistance of counsel" for failing to respond to the document entitled "MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY AND REQUEST FOR DAUBERT HEARING" prepared, submitted, and filed on 10/05/23, by United States Attorney MATTHEW M. GRAVES, by and through Katherine E. Boyles, Assistant U.S. Attorney. Specifically the U.S. Attorney gave notice of several deficiencies under Federal Rule of Criminal Procedure 16 that the government highlighted in its Notice of Defendant's Rule 16 Disclosure Deficiency. See Doc. 55 The government's Deficiency Notice included a request to cure the deficiencies, but to date, our attorney has failed to provide a Rule 16-compliant amended expert notice. Additionally, our attorney has also failed to request a Daubert Hearing to assess and qualify Mr. Hill's ability to testify as an "expert" in this matter.

Page: 10 of 13

15.) Earlier today, I received an email from a person unknown to me that our attorney JOHN M. PIERCE submitted a document entitled "DEFENDANT'S FIRST SET OF PROPOSED JURY INSTRUCTIONS" that specifically identifies another client of his as being a defendant in my case named "JARED KASTNER" who is NOT a defendant in our case. This honestly pissed me off really bad that our attorney is ripping us off by charging us money for "boiler plated documents" that another client named JARED KASTNER already paid him for! I respectfully request and demand that this court Order our former counsel JOHN M. PIERCE whom we have "TERMINATED" to refund us all money's paid for all "boiler plated documents" that he has already charged other clients for. We should NOT even be charged any money for the amount of time it took JOHN M. PIERCE to do a "save as" on his computer, and we should NOT be billed for the small amount of time it took him to "click" on "find and replace" other clients names with our names. We are also "TERMINATING JOHN M. PIERCE" for scamming us like this!

### CERTIFICATE OF SERVICE

I, we Richard Slaughter and Caden Gottfried, hereby certify that on this day, November 17, 2023, I, we caused a copy of the foregoing document to be served on all counsel via email because I do not currently have access to file my own documents through the Court's CM/ECF case filing

system. – Note: I respectfully request to be given access to the Court's CM/ECF case filing system.

**CONCLUSION AND RELIEF REQUESTED:**

The defendant respectfully request this court to grant us a Zoom Hearing to hear our oral arguments to acknowledge and approve our . . . "**NOTICE OF TERMINATION OF COUNSEL JOHN M. PIERCE**" . . . in the furtherance of justice pursuant to JOHN M. PIERCE'S "ineffective assistance of counsel" and failure to represent or defend in direct violation of the well settled principles of law as clearly stated in Strickland v. Washington, 466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052, 2064 (1984) and People v. Marsden, 2 Cal. 2d 118 (1970).

In addition, I, we, also respectfully request this court to grant our "**Motion for an Extension of Time of 60 to 90 days**" to diligently seek the "effective assistance of counsel" as envisioned by the Sixth Amendment of the United States Constitution, and article 1, section 22 of the Washington State Constitution.

_____
Richard Slaughter

_____
Caden Gottfried

Dated this 17th day of November, A.D. 2023

# NOTARY

STATE OF WASHINGTON  )
                     ) SS
COUNTY OF PIERCE     )

I, Notary Public at Large, certify that before me, Richard Slaughter and Caden Gottfried, the undersigned Citizens personally appeared and proved to me, to be the Citizens who subscribed, sworn and affixed their full names to this . . . "**NOTICE OF TERMINATION OF COUNSEL JOHN M. PIERCE**" . . . in support of their . . . "**Motion for Continuance**" . . . by their signatures, this 17 day of November, A.D. 2023.

_____
Richard Slaughter

_____
Caden Gottfried

NOTARY PUBLIC in and for the State of

Washington, residing at: 505 N Division St. Auburn, WA

County of Pierce,

My Commission Expires: 5/11/2026

EMELISA QUETA
Notary Public
State of Washington
Commission # 174207
My Comm. Expires May 11, 2026