UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 22-cr-00354-RCL |
| ) | |
| **RICHARD SLAUGHTER et al,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**DEFENDANTS RICHARD SLAUGHTER AND CADEN GOTTFRIED'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO CONTINUE TRIAL**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

NOW COMES, Defendants Richard Slaughter and Caden Gottfried by and through their undersigned counsel of record, William L. Shipley, and respectfully files this reply to the Government's Opposition to Defendants' Motion to Continue Trial.

The Government is incorrect in its assertion that Defendants want to "continue the trial indefinitely." The Defendants seek only a short continuance to move the trial date a matter only a few weeks after the election – not indefinitely. No new date was suggested merely because counsel for the defendants was not aware of the availability of the Court or Government counsel. Counsel for the Defendants is available for trial in this matter the first and third weeks of December, and any of the first three weeks of January.

The reason for this request is to move the trial date beyond the immediately aftermath of the Presidential election on November 5, and for no other purpose. Continuing the currently set trial date is to allow for the emotions of potential jurors to settle after a national election. Defendants are not asking for the trial to be continued "indefinitely" but rather the trial to be continued for a period of time.

The Government cites United States v. Webster as posing the question that it claims is key to this issue -- "Can the District's potential jurors 'lay aside [their] impression or opinion' of [the defendant] or events on January 6th and 'render a verdict based on the evidence presented in court'?". The Circuit Court concluded, "the political inclinations of a populace writ large say nothing about an individual's ability to serve impartially in adjudicating the criminal

conduct an individual." United States v. Webster, 102 F.4th 471 (D.C. Cir. 2024)(quoting United States v. Nassif, 628 F.Supp.3d 169, 187 (D.D.C. 2022)).

While that may be true as a general proposition, it ignores the central question posed by the request for a continuance – in the immediate aftermath of the next Presidential election, i.e., the following week, how likely is it that a pool of potential jurors in this District will be able to set aside the emotions of that moment and judge Mr. Baker's conduct from nearly four years earlier without being influenced by what will have just taken place I the next election?  This motion does not turn upon considerations of any particular political bias – it is premised on the reality that jurors are emotional human beings influenced by  events around them.  In early November 2024 those events will include the immediate aftermath of the next Presidential election when it was the events of the last Presidential election that produced the events of January 6th.

While the United States Attorney's Office is claiming in its opposition that jurors will not be influenced, it has claimed the exact opposite in other cases pending in this District.  In September of 2023, Special Counsel Jack Smith said that comments made by former President Trump "risk contaminating the jury pool for the charges he will face in a federal court in Washington, D.C." This is the juror pool that Mr. Baker will face should he opt for a jury trial in this matter.  If former President Trump's commentary about the case pending against him is likely to prejudice the juror pool, then comments in the upcoming Presidential election by both sides cannot be denied to have a similar

effect on the same juror pool.   It is disingenuous for the Department of Justice and its representatives to say that the political discourse over the next three months about the upcoming election will have no impact on the juror pool as it relates to Mr. Baker, while at the same time claiming that one of the candidates in the election must have his public comments limited out of fear that political discourse engage in by him will prejudice the juror pool against the Government in that case.

Jurors do not live in a vacuum. The Defendant's Motion for Continuance rests upon the less than revelatory observation that the upcoming general election campaign pitting the current Vice President against the former President will raise the political temperature of the country and leave one side or other disappointed in the immediate outcome – assuming that outcome is clear in the days immediately following November 5, 2024.

Delaying trial in this matter by just a few weeks will bypass the most highly charged period that will certainly follow in the immediate aftermath of the election.  Allowing emotions to settle before engaging in the voir dire process will assist both the parties and the Court in uncovering true prejudicial bias by allowing "biases of the moment" to pass.

The Government cites *United States v. Webster* as posing the question that it claims is the key to this issue -- "Can the District's potential jurors 'lay aside [their] impression or opinion' of [the defendant] or events on January 6th and 'render a verdict based on the evidence presented in court'?".  The Circuit Court concluded, "the political inclinations of a populace writ large say nothing

about an individual's ability to serve impartially in adjudicating the criminal conduct an individual." United States v. Webster, 102 F.4th 471 (D.C. Cir. 2024)(quoting United States v. Nassif, 628 F.Supp.3d 169, 187 (D.D.C. 2022)).

While that may be true as a general proposition, it ignores the issue posed by the request for a continuance – in the immediate aftermath of the next Presidential election, i.e., the following week, how likely is it that a pool of potential jurors in this District will be able to set aside the emotions of that moment and judge the Defendants' conduct from nearly four years earlier without being influenced by what will have just taken place in the next election?

This motion does not turn upon considerations of any particular political bias – it is premised on the reality that jurors are emotional human beings influenced by events around them.  In the second week of November 2024 those events will include the immediate aftermath of the next Presidential election when it was the outcome of the last Presidential election that produced the events of January 6th.

While the United States Attorney's Office is claiming in its opposition that jurors will not be influenced, it has claimed the exact opposite in other cases pending in this District.  In September of 2023, Special Counsel Jack Smith said comments being made by former President Trump "risk contaminating the jury pool for the charges he will face in a federal court in Washington, D.C." This is the same juror pool the Defendants will face should they opt for a jury trial in this matter.  If former President Trump's commentary about the case pending against him is likely to prejudice the juror pool, then comments in the

upcoming Presidential election by both sides cannot be denied to have a similar effect on the same juror pool.   It is disingenuous for the Department of Justice and its representatives to say that the political discourse over the next three months about the upcoming election will have no impact on the juror pool as it relates to the Defendants, while at the same time claiming that one of the candidates in the election must have his public comments limited out of fear that political discourse engaged in by him will prejudice the juror pool against the Government in that case.

    Jurors do not live in a vacuum. The Defendants' Motion for Continuance rests upon the less than revelatory observation that the upcoming general election campaign pitting the current Vice President against the former President will raise the political temperature of the country and leave one side or other disappointed in the immediate aftermath of the outcome – assuming that outcome is clear in the days immediately following November 5, 2024.

    Delaying trial in this matter by just a few weeks will bypass the most highly charged period that will certainly follow the immediate aftermath of the election.  Allowing emotions to settle before engaging in the voir dire process will assist both the parties and the Court in uncovering true prejudicial bias by allowing "biases of the moment" to pass.


Dated: August 7, 2024              Respectfully Submitted,

                                          /s/ William L. Shipley
                                          William L. Shipley, Jr., Esq.

PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*