UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **RICHARD SLAUGHTER and CADEN PAUL GOTTFRIED**, <br><br> *Defendants*. | Case No. 1:22-cr-354-RCL |

## MEMORANDUM ORDER

Before the Court is the defendants' Motion to Continue the bench trial currently scheduled to begin on January 6, 2025. For the reasons contained herein, that Motion is **DENIED**.

The defendants, Richard Slaughter and Caden Paul Gottfried, were first indicted on November 2, 2022, on several counts related to their alleged participation in the Capitol Riots of January 6, 2021. *See* Indictment, ECF No. 19. A superseding indictment was filed on September 27, 2023. *See* Superseding Indictment, ECF No. 60. Trial was originally scheduled for December 1, 2023. *See* Minute Entry of October 18, 2023. That trial date was continued after the defendants' attorneys withdrew from their representation. *See* Order of November 20, 2023, ECF No. 94. A second trial date was set for November 12, 2024. *See* Scheduling Order of April 9, 2024, ECF No. 107. The defendants again moved for a continuance, arguing that, due to the nature of the allegations against them, they would be unable to receive a fair trial in the District of Columbia so close to the date of the 2024 presidential election. *See* Second Mot. to Continue Trial, ECF No. 110. The Court took no position on the merits of the defendants' argument, but agreed to move the trial date up to September 16, 2024. *See* Minute Entry of August 13, 2024. That trial date,

1

too, was vacated due to unavoidable conflicts on the Court's part, and continued to its currently scheduled date of January 6, 2025. *See* Minute Entry of Sept. 9, 2024.

The defendants now move to vacate this trial date as well, and to instead hold a status conference during the week of February 2, 2025. *See* Third Mot. to Continue Trial 2, ECF No. 117. The defendants first argue that, when Special Counsel Jack Smith moved on November 8, 2024 to vacate the briefing schedule in the matter of *United States v. Trump*, 23-cr-0257-TSC, the Department of Justice had in effect taken "the official position that the results of the November 5 election . . . constitute[] grounds for pausing an ongoing criminal prosecution of a defendant in connection with the events of January 6, 2021." Third. Mot. to Continue Trial at 2. This argument stumbles right out of the gate: in the case at hand, the Government opposed the defendants' Motion the very next day, *see* Gov't Opp'n, ECF No. 118, unambiguously signaling that the Department has not, in fact, adopted an official agency policy of halting any and all matters related to the Capitol Riots. More to the point, the allegations in the Special Counsel's prosecution bear no resemblance to the case against Mr. Slaughter and Mr. Gottfried; the fact that the former has been discontinued has no obvious significance for the latter. The Department of Justice would not be dealing unfairly or inconsistently with the defendants by proceeding with the trial as scheduled.

The defendants' more substantial argument rests on the fact that the President-Elect has on several occasions discussed the possibility of pardoning defendants convicted in relation to the Capitol Riots. *See* Third Mot. to Continue Trial at 2. In light of this possibility, the defendants contend, continuing the trial would avoid the potentially unnecessary expenditure of the defendants', the Government's, and the Court's resources. This argument, too, is unavailing.

This Court recently had the occasion to discuss what effect the speculative possibility of a presidential pardon has on the timetable for a pending criminal matter. In short: little to none. *See*

Order Denying Mot. to Continue, *United States v. Grillo*, No. 21-cr-690-RCL (D.D.C. Nov. 25, 2024), ECF No. 145.  The power to pardon rests in the hands of the President, but the just resolution of criminal prosecutions is the purview of the judiciary.  Our constitutional scheme contemplates each actor performing its respective role in the manner it best sees fit, within the boundaries imposed by the Constitution and Congress.  The defendants ask this Court to do something extraordinary: to defray the execution of its own constitutional duties "because of the lurking possibility of a presidential pardon after the conclusion of judicial proceedings," *id.* at 2, a decision by a co-equal branch of government in which this Court properly has no role.  The Court declines that invitation, and will not continue this trial absent an independently compelling demonstration of good cause to do so.

      The defendants have not made such a showing.  First, they argue that holding a trial which may be nullified by an eventual pardon could result in needless personal expenditures on the part of the defendants in the form of travel, housing, and legal fees.  *See* Third Mot. to Continue Trial at 3.  But these costs are incurred in the course of any trial involving out-of-state defendants and attorneys, and the defendants provide no reason to believe that this trial will be unusually burdensome or expensive.  Nor have they convincingly demonstrated that the financial burden on the defendants is likely to be lessened by dragging this case out even longer than it already has.

      Second, the defendants argue that the Government will likewise incur potentially wasteful costs preparing for and participating in the trial.  *See* Third Mot. to Continue Trial at 3.  The Court need not dwell long on this argument: the Government is well-positioned to assess its own resource constraints and priorities.   By opposing the defendants' Motion, the Government has communicated its stance that proceeding to trial is not an undue burden.  The Court perceives no reason to second-guess the Government's judgment, and the defendants' Motion suggests none.

Third, the defendants argue that the conservation of judicial resources favors continuance. Third Mot. to Continue Trial at 3. This argument, too, falls flat. Both defendants have waived their right to a jury trial. *See* Notice of Waiver of Jury Trial, ECF No. 115. Accordingly, with no concern for time spent empaneling a jury, the only judicial resources at issue are the Court's own. And as this Court noted in its recent Order in *United States v. Grillo*, "[w]hile preservation of judicial resources is an important goal for this Court, it is not the only or even the ultimate goal of our courts." Order Denying Mot. to Continue 3, No. 21-cr-690-RCL (D.D.C. Nov. 25, 2024). The Court's overarching duty in criminal cases is to facilitate the search for truth and dispense justice accordingly. In so doing, the Court also serves the public interest in the efficient administration of the law. Proceeding as scheduled with this trial, which has already languished through multiple continuances for more than a year, is a worthy use of judicial resources.

Finally, the defendants argue that "[t]o deny this motion . . . would . . . likely subject the defendant to criminal convictions for no purpose other than expediency." Third Mot. to Continue Trial at 4. The Court has already emphatically rejected this exact argument in *United States v. Grillo*, and does so again today. *See* Order Denying Mot. to Continue 1–2, No. 21-cr-690-RCL (D.D.C. Nov. 25, 2024). The defendants' implicit efforts to caricature the timely pursuit of truth as a mere "expedien[t]," and to recast the defendants as the hapless victims of arbitrary government action, are a preposterous mischaracterization of our justice system. Courts do not simply "subject" defendants to criminal convictions; people subject *themselves* to conviction by breaking the law, and trial is the instrument we use to decide whether they did so.

\*          \*          \*

This Court's duty is to uncover whether the defendants committed the unlawful things of which they are accused and, if they did, prescribe an appropriate and just punishment. Whatever happens afterwards is irrelevant. Therefore, upon consideration of the defendants' Motion to Continue, the Government's opposition thereto, and the entire record herein, it is hereby

**ORDERED** that the defendants' Motion is **DENIED**.

Date: November **27**, 2024

Royce C. Lamberth
United States District Judge